**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| ISHA KAMARA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. GLS-20-3037 |
| | ) | |
| UNIVERSITY OF MARYLAND, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Pending before this Court is the Motion to Dismiss, (ECF No. 32), filed by Defendant University of Maryland. The issue has been fully briefed. (ECF Nos. 34, 35, 38). Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* L.R. 105.6. For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

On October 19, 2020, Plaintiff filed her Complaint, asserting that a "sexually hostile environment" existed at the University of Maryland that was non-responsive to her following an alleged sexual assault, in violation of Title IX, 42 U.S.C. §2000d-7. (ECF No. 1). The Clerk's Office issued summons on October 29, 2020. (ECF No. 6). On June 7, 2021, a case management conference was held before the district judge formerly assigned to this case. During the conference, Plaintiff was granted leave to file an amended complaint, and Defendant preserved its objection to said filing on the basis of failure to timely effect service. (ECF No. 11).   On August 31, 2021, an

Amended Complaint complying with the Local Rules[1] was filed, alleging: (1) an "unlawful hostile environment" in violation of Title IX, 42 U.S.C. §2000d-7; (2) negligent failure to investigate the sexual assault in violation of Maryland law; and (3) negligent failure to properly hire, train, and supervise staff in violation of Maryland law. (ECF No. 24).

As a preliminary matter, Plaintiff concedes that the Complaint was not timely served upon Defendant within the ninety days required per Fed. R. Civ. P. 4(m). (ECF Nos. 25, 28, 34-1). The sole issue before this Court, then, is whether there are sufficient facts present such that the Court should grant Plaintiff's request to extend the time by which service of process was required to be made.

Accepting the facts as Plaintiff's counsel represents them,[2] on April 12, 2021, Plaintiff served Defendant with the Complaint using Defendant's service email address. (ECF Nos. 32-1, 34, 35-2). As to the events that occurred between the filing of the Complaint and the service of the Complaint, the timeline is not entirely clear. Plaintiff's counsel represents that at some point he attempted to hire a private process server, "which became futile," due to the campus of the University of Maryland in College Park, Maryland, being closed due to the COVID-19 pandemic. (ECF No. 32-1, p. 1).[3] In addition, during a November 24, 2021 status hearing, Plaintiff's counsel

---

[1] On July 22, 2021, Plaintiff filed her Amended Complaint, but it did not comply with Local Rule 103.6(c) (D. Md. 2021), as it did not contain a redlined version. (ECF No. 18). Defendant filed a Motion to Strike the Amended Complaint on July 27, 2021. (ECF No. 20). The Court granted Defendant's Motion to Strike and directed Plaintiff to file an Amended Complaint complying with the Local Rules by August 31, 2021, in its Letter Order dated August 23, 2021. (ECF No. 22).

[2] In its motion to dismiss and reply, while Defendant characterizes Plaintiff's arguments as "confusing[]" and not a "plausibl[e]" set of reasons why service would be difficult, Defendant does not challenge the factual representations made by Plaintiff's counsel related to what he alleged transpired between the filing of the Complaint and the service of the Complaint. (ECF Nos. 32, 38).

[3] Plaintiff appended an affidavit of the private process server, who testified that when Plaintiff's counsel asked him to serve process, the server "informed him that [he] would not be able to do it," because the University of Maryland College Park Campus was closed. (ECF No. 34-5). This conclusion "was based on [the process server's] observation of the campus" when he was driving from Hyattsville to Baltimore. (*Id.*).

represented that he had heard anecdotally that the Office of the Attorney General ("OAG") building was either closed or short-staffed. (ECF No. 37).[4]

Plaintiff's counsel further represented that during the ninety days after the Complaint was filed, he contracted COVID-19, and was "testing positive" for about ten days at the end of December 2020 and into the first or second week of January 2021. (ECF Nos. 34-1, 37). Plaintiff's counsel stated that he contacted the Clerk's Office for the District Court of the District of Maryland after he recovered from his illness, and after the ninety days had passed, to ask if he needed to have the summons reissued. (ECF No. 37).[5]  Plaintiff's counsel represented that at that time he also asked the Clerk's Office if he "needed to refile," or if there was an issue "regarding potential failure to prosecute" pursuant to Local Rule 103.8 (D. Md. 2021). According to Plaintiff's counsel, when he checked the docket in this case, he saw no issue regarding lack of service at that time. (*Id.*). Plaintiff's counsel appears to have believed at this time that he did not need to effect service within the ninety days set by Rule 4(m) because: (1) the summons did not have an expiration date such that he needed to ask to reissue them; and (2) no show cause order was entered at the end of the ninety-day window. (*Id.*).

Plaintiff's counsel also represented that sometime after this conversation with a representative of the Clerk's Office, he reached out to the OAG to ask how to serve the Complaint. (*Id.*). According to him, someone from the OAG replied, providing him with the email address he should use to serve the Complaint. (*Id.*). Counsel represented that within thirty days of receiving the email address, he sent the Complaint and the Waiver of Service of Summons form to the OAG. (*Id.*). In her Opposition to the Motion to Dismiss, Plaintiff notes, without further clarification that

---

[4] The Court listened to the recording of the status conference.
[5] As to the timing of this conversation, Plaintiff's counsel stated that it was sometime "after January," and could have taken place in February or early March of 2021. (ECF No. 37).

counsel was only able to obtain the service email for Defendant "after the University of Maryland entered [P]hase I" on April 5, 2021. (ECF No. 34-1, p. 2). Plaintiff appended the University's apparent phased plan for in-person activities on campus. (ECF No. 34-3).

On April 12, 2021, Plaintiff sent an email with the Complaint and a Waiver of Summons form. (ECF No. 34-1, p. 2). Defendant did not return the waiver of service of summon form, and Plaintiff, to date, has not served the summons on Defendant. (*Id.*).

## II.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(5), a defendant may assert that dismissal of a complaint must occur if service of process has not been sufficient.  Then, "[o]nce service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to [Federal Rule of Civil Procedure] Rule 4." *Johnson v. Azar*, Civ. No. GJH-20-2091, 2022 WL 874936, at *3 (D. Md. Mar. 24, 2022) (quoting *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006)). Even if a defendant has actual notice of the action, the rules of service "are there to be followed, and plain requirements for the means of effective service of process may not be ignored." *Jackson v. Warning*, Civ. No. PJM-15-1233, 2016 WL 520947, at *2 (D. Md. Feb. 5, 2016) (quoting *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)); *see also Lehner v. CVS Pharmacy*, Civ. No. RWT-08-1170, 2010 WL 610755, at *3 (D. Md. Feb. 17, 2010) ("this Court will not make a mockery of the time requirements set forth in the Federal Rules of Civil Procedure").

## III.   ANALYSIS

Defendant argues that the Amended Complaint, (ECF No. 24), should be dismissed because: (1) Plaintiff failed to timely serve the original Complaint; (2) Plaintiff cannot show good cause for her failure to timely serve the Complaint; and (3) even if the Court has the discretion to

extend the time for service absent good cause, there is no reasoned basis to do so here. (ECF No. 32, pp. 3-7). Defendant further argues with regard to good cause that Plaintiff "cannot plausibly argue that effecting service on the University was not possible or even difficult, as she could have effectuated service by email to a dedicated service email address." (ECF No. 32-1, p. 4).

Plaintiff acknowledges that the Complaint was not served within ninety days of its filing, but counters that: (1) good cause for her failure exists due to the COVID-10 pandemic, among other reasons; and (2) even if the Court finds no good cause exists, the Court has the discretion to extend the time for service under Rule 4(m). (ECF No. 34-1, p. 2).

Federal Rule of Civil Procedure 4(m) provides the following:

"If a defendant is not served within [ninety] days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m).

Rule 4(m) requires a plaintiff to serve a defendant within ninety days after her complaint is filed. In addition, if a plaintiff shows "good cause" for her failure to serve the complaint in a timely manner, then the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

What constitutes "good cause" for the purposes of Rule 4(m) "necessarily is determined on a case-by-case basis" and is determined "within the discretion" of the Court. *Collins v. Thornton*, 782 F. App'x 264, 267 (4th Cir. 2019) (quoting *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016)). Courts have identified factors that may—but need not be—considered to assess whether good cause warrants an extension of time for service, including whether: "(1) the delay in service was outside the plaintiff's control; (2) the defendant was evasive; (3) the plaintiff acted diligently or made reasonable efforts; (4) the plaintiff is *pro se* or *in*

*forma pauperis*; (5) the defendant will be prejudiced; or (6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." *Scott*, 673 F. App'x at 306 (citing, *inter alia*, *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010)); *see also Collins*, 782 F. App'x at 267 (holding no abuse of discretion, where lower court found no good cause without analyzing factors set forth above).

In this case, Plaintiff filed her Complaint on October 19, 2020. (ECF No. 1). Per Rule 4(m), she was required to serve Defendant by January 17, 2021. Plaintiff emailed the Complaint and a Waiver of Summons form to the Defendant's service email address on April 12, 2021. (ECF Nos. 34, 35-2). During the life of this case, counsel has made several representations as to why Plaintiff has good cause for not serving the Complaint within the ninety day time period, some of which seem to be inconsistent with each other. [6]   The Court categorizes the most recent representations as follows: (1) the COVID-19 pandemic caused the University of Maryland campus to shut down in-person operations and counsel was not able to obtain the service email address for the University of Maryland until April 5, 2021, (ECF Nos. 11, 25, 28, 34-1, 34-5, 37); (2) Plaintiff's counsel contracted COVID-19, testing positive for ten days at the end of December 2020 into early January 2021, (ECF Nos. 34-1, 37); and (3) Defendant's refusal to grant a waiver of service does not have a good faith basis. (ECF No. 34-1, p. 2).

The Court, using the framework of the factors in *Scott, supra*, construes Plaintiff's arguments as representations that Plaintiff acted diligently and made reasonable efforts; however, the delay in service was outside the Plaintiff's control. Even if the Court credits Plaintiff's counsel's conflicting, hard-to-follow representations, it is still not enough to establish good cause.

---

[6] Other arguments asserted at other points in the case but subsequently not included in Plaintiff's opposition include that: (1) Plaintiff's counsel was under the impression anecdotally that the OAG's office was also closed, or at least short-staffed, (ECF Nos. 28, 37); and (2) Plaintiff's counsel suggested, without offering support, that the webpage outlining how to serve process on the Defendant may not have been "accessible" during the time period to serve the Complaint. (ECF No. 37). The Court also notes that it would have been more helpful if Plaintiff's counsel had reduced his factual representations to an affidavit or declaration. *See, e.g.*, 28 U.S.C. § 1746.

The Court first finds that even assuming that the University campus ceased in-person activities during the pandemic and that the process server informed Plaintiff's counsel that he would not be able to serve the University in person, this is not relevant to the question of whether Defendant was properly served.

Fed. R. Civ. P. 4(j)(2) provides that a plaintiff may serve a "state-created governmental organization" by serving a copy of the summons and of the complaint "in the manner prescribed by that state's law." Under Maryland law, an agency of the State of Maryland (like the University of Maryland) can be served by serving either the resident agent designated by the agency, or by serving the Attorney General. Md. Rules 2-124(k). *See Phillips v. Univ. of Maryland Baltimore Cty.*, Civ. No. ELH-19-570, 2020 WL 1820080, at *11 (D. Md. Apr. 10, 2020) (dismissing complaint, where plaintiff failed to serve University of Maryland defendant under Fed. R. Civ. P. 4(j) and Maryland Rule 2-124(k)). Indeed, the University of Maryland maintains a website related to how to serve process on the university by serving the Office of the Attorney General. (ECF No. 25-2).

Despite this, Plaintiff's counsel argues that he did not obtain the email address for service until April 5, 2021, and makes additional representations in support of the idea that he had attempted to diligently pursue service until that point. Plaintiff's counsel represented that sometime after January 2021, after the ninety days had elapsed, he reached out to the Clerk's Office for the District Court of the District of Maryland to ask if the summons needed to be reissued. (ECF No. 37). As explained above, Plaintiff's counsel appears to have come to the conclusion that he did not need to effect service within the ninety day timeframe set by Rule 4(m) due to: (1) a lack of a show cause order (what he refers to as a "motion" filed by the Court) on the docket of this case in or after January 2021; as well as (2) the fact that the Clerk's Office did not have to issue a new set of

summons. (ECF Nos. 28, 37). Sometime after Plaintiff's counsel spoke with a representative of the Clerk's Office, he reached out to the OAG. (ECF No. 37). He asserts that he only obtained the service email on April 5, 2021. (EFC No. 34-1, p. 2). Even accepting Plaintiff's counsel's representations at face value, there is no evidence that Plaintiff's counsel made any effort to contact the OAG prior to January 2021. Indeed, Plaintiff has offered no explanation for why the record is completely absent any attempt to serve Defendant within the ninety-day timeframe.

The "inadvertence or neglect of counsel" does not satisfy good cause. *Combs v. Shapiro & Burson LLP*, Civ. No. GLH-15-846, 2016 WL 1064459, at *4 (D. Md. Mar. 14, 2016) (quoting *Braithwaite v. Johns Hopkins Hosp*., 160 F.R.D. 75, 77 (D. Md. 1995)). Indeed, courts in this District have held that no good cause exists where the necessary information "is readily available and can be retrieved online in a matter of minutes," and plaintiff's counsel neglects to do so. *See Jones v. Sears, Roebuck & Co.*, Civ. No. DKC 15-3092, 2016 WL 1696557, at *2 (D. Md. Apr. 28, 2016); *Brown v. Am. Institutes for Research*, 487 F. Supp. 2d 613, 615 (D. Md. 2007).

Instead, good cause requires that the plaintiff make "reasonable and diligent efforts to effect service" prior to the deadline. *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 661 (D. Md. 1986). Simply relying on the opinion of a process server who happened to drive by the University for the idea that Defendant could not be served and failing to do any independent research falls short of "reasonable and diligent efforts." *Id.* Here, the record is clear that Plaintiff made no effort to serve OAG with a copy of the Complaint within the time allotted by Rule 4(m). In this case, neither Plaintiff's counsel's failure to diligently investigate the method for service, nor Plaintiff's counsel's misunderstanding of the Federal Rules of Civil Procedure can constitute good cause.

The Court next finds that the illness of Plaintiff's counsel, while unfortunate, does not by itself constitute good cause. Plaintiff's counsel represents that he was ill for about ten days at the

8

end of December 2020 into January 2021. (ECF Nos 34-1, 37). While this timeframe does fall within the ninety days given for service, Plaintiff's counsel does not articulate how this illness prevented service. Even if Plaintiff had argued that service was planned for this time, "[l]ast minute attempts at service, absent some explanatory justification, do not establish good cause." *Hoffman v. Baltimore Police Dept.*, 379 F. Supp. 2d 778, 786 (D. Md. 2005) (quoting *McIsaac v. Ford*, 193 F. Supp. 2d 382, 383–384 (D. Mass. 2002)) (internal quotation marks omitted). In *Hoffman*, a plaintiff waited until the last day permitted by Rule 4(m) to attempt to serve the defendant. *Id.* at 785. When an unforeseen medical circumstance prevented a member of plaintiff's legal team from serving the complaint and summons, the court held that this did not constitute good cause because plaintiff did not give an adequate reason for why he waited until the end of the period for service, nor did the plaintiff explain why someone else could not serve the complaint in that team member's absence. *Id.* at 785-86. In this case, Plaintiff has similarly failed to explain why no attempt at service was made, or why, assuming that Plaintiff's counsel planned to serve the complaint during that time period when he was ill, someone else could not send the mail or email. Accordingly, this illness does not constitute good cause.

Finally, Plaintiff asserts, without authority, that Defendant's failure to grant a waiver of service without a good faith reason should excuse Plaintiff's untimely service. (ECF No. 34-1, p. 2). Plaintiff's waiver, however, was sent eighty-five days after the ninety-day period ended. The Fourth Circuit in an unpublished case recently upheld a lower court's decision finding no good cause where the plaintiff unsuccessfully attempted to obtain a waiver of service six days before the end of the ninety-day service period. *Collins*, 782 F. App'x at 267; *see also Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) ("Rule 4(d)'s provisions for inexpensive notification of a lawsuit accompanied by a waiver of service . . .[do] not abolish a defendant's right

to proper service of process."). Here, where Plaintiff did not attempt to secure the waiver of service until long after the deadline had expired, the Court does not find that this constitutes good cause to excuse Plaintiff's untimeliness. Accordingly, upon consideration of all of Plaintiff's arguments, the Court finds that the Plaintiff has not established good cause.

Absent good cause, the options available to the Court require further explanation. The Fourth Circuit has held that absent a showing of good cause, a court may not extend time for service. *Mendez v. Elliot*, 45 F.3d 75, 80 (4th Cir. 1995). However, the *Mendez* court analyzed a Rule 4(m) that had been recently amended in 1993 and appears to have treated it as if it were substantively the same rule as its predecessor, Rule 4(j).[7] *Mendez*, 45 F.3d at 78. Since the 1993 amendments to the Federal Rules of Civil Procedure, several Circuits have held that a court may grant an extension even absent a showing of good cause. *See, e.g.*, *Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996); *Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003); *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005). The Supreme Court has also stated, in *dicta,* that the 1993 amendments to the Rule "accorded discretion to enlarge the [then] 120–day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662 (1996) (quoting Advisory Committee's Notes on Fed. R. Civ. P. 4, 28 U.S.C. App., p. 654)).

---

[7] *Compare* Fed. R. Civ. P. 4(j) (1988) (stating that absent good cause, "the action shall be dismissed"); *with* Fed. R. Civ. P. 4(m) (1993) (stating that if timely service is not made, the court shall "dismiss the action. . . or direct that service be effected within a specified time" and if good cause is shown, the court must grant an extension of time).

Rule 4(m) was amended once more in 2015, changing the time for service from 120 days to ninety days from the date the Complaint was filed, but otherwise retaining identical language in relevant part. *See* Fed. R. Civ. P. 4(m), *supra*. Courts in this District have since questioned the holding in *Mendez* and have granted an extension of time to serve the defendant where there is a "reasoned basis" to do so. *See, e.g.*, *CX Reinsurance Co. Ltd. v. Johnson*, Civ. No. GJH-18-2355, 2022 WL 541122, at *6 (D. Md. Feb. 23, 2022) (no reasoned basis to extend deadline, where plaintiff gave no explanation for failure to timely serve); *United States ex rel Maharaj v. Estate of Charles Howard Zimmerman*, 427 F. Supp. 3d 625, 652 (D. Md. 2019) (reasoned basis to extend deadline, where plaintiff missed the deadline by only one day); *Escalante v. Tobar Constr., Inc.*, Civ. No. PX-18-00980, 2019 WL 109369, at *1 (D. Md. Jan. 3, 2019) (excusing a thirty-four-day delay using standard of "excusable neglect" where plaintiff's counsel misunderstood instructions from the Clerk's Office); *Candy v. People for Ethical Treatment of Animals, Inc*., Civ. No. PX-8-02335, 2018 WL 5923434, at *1 (D. Md. Nov. 13, 2018) (no reasoned basis to extend deadline, where plaintiff was ignorant of rule change shortening time frame from 120 days to ninety days to serve complaint); *United States ex rel. Moore v. Cardinal Fin. Co., L.P.*, Civ. No. CCB-12-1824, 2017 WL 1165952, at *8 (D. Md. Mar. 28, 2017) (no reasoned basis to extend deadline, where plaintiff made no effort to effect service by deadline). *But see Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288. 293 (D. Md. 2013) *aff'd* 546 Fed. App'x. 187 (4th Cir. 2013) ("despite the apparent avalanche of cases within this circuit that question the validity of Mendez, this Court's most recent decisions affirm the authority of Mendez").

Because Plaintiff has given no explanation why she waited at least until January 2021 to attempt to serve the Complaint, this Court finds no reasoned basis to extend the deadline for service by eighty-five days. Accordingly, in this case, the Court need not resolve whether it has discretion

under Rule 4(m) to extend the time for service absent good cause. Whether dismissal is mandated by *Mendez*, *supra*, or discretionary, the Court would arrive at the same conclusion.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss, (ECF No. 32), will be **GRANTED**.

A separate Order will follow.


Dated:  May 9, 2022                                    _____/s/_____
                                                       The Honorable Gina L. Simms
                                                       United States Magistrate Judge